IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. JKB-19-0392 |
| JAMEEL COUNTS, JR., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On February 27, 2025, the Court held a hearing on the Government's allegation that the Defendant had violated the terms of supervised release that had previously been imposed on him. During that hearing, the Defendant admitted to Violation Number 1 (ECF No. 46 at 1–2). The Court accepted the Defendant's admission, found him in violation of supervised release, and ordered supervised release revoked.[1]

The hearing proceeded to the sentencing phase. But during the Court's oral explanation of the reasoning behind its sentencing decision, counsel for both parties suggested to the Court that there is authority providing that a sentencing court may not consider the "seriousness of the offense" in deciding the appropriate sentence for a defendant's violation of the terms of his supervised release. The Court determined that additional briefing on the matter was necessary.

Accordingly, it is ORDERED that:

1. On or before March 27, 2025, Counsel for the parties SHALL FILE briefs addressing the following issues: (1) the factors that the Court is permitted to consider, and the factors that the Court is not permitted to consider, in determining the appropriate sentence for a

---

[1] The Court anticipates dismissing the other alleged violations as part of the overall disposition of this matter as agreed to by the parties and approved by the Court.

violation of supervised release, with citation to and discussion of *United States v. Lewis*, 90 F.4th 288 (4th Cir. 2024), *United States v. Pennington*, No. 21-4664, 2022 WL 2702577 (4th Cir. July 12, 2022), *United States v. Hargrove*, 30 F.4th 189, 198 (4th Cir. 2022), *United States v. Webb*, 738 F.3d 638, 641–42 (4th Cir. 2013), *United States v. Crudup*, 461 F.3d 433, 438–39 (4th Cir. 2006), and any other relevant authority; and (2) if the Court is prohibited from considering the "seriousness of the offense," how the Court should weigh the factors that it *is* permitted to consider, in the circumstances of this Defendant.

2. Counsel SHALL FILE responsive briefing, if any, on or before April 10, 2025.
3. There shall be no reply briefs.
4. All briefs shall be no more than 10 pages in length.
5. The Sentencing Hearing on the Defendant's Violation of Supervised Release will continue on April 22, 2025, at 4:30 p.m., in Courtroom 5A.

DATED this 27 day of February, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge